FILED BY _____ D.C.

05 SEP -1  PM 5: 08

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| GLENDA GLINSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-2214 Ma/V |
| | ) | |
| LOWELL DUKE, ANTHONY MORRIS, | ) | |
| CITY OF MEMPHIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF MEMPHIS' MOTION TO DISMISS AND DENYING AS MOOT CITY OF MEMPHIS POLICE DEPARTMENT'S MOTION TO DISMISS

Plaintiff Glenda Glinsey ("Glinsey") brings this action under 42 U.S.C. §§ 1981, 1983, 1985 and 1988 alleging that Memphis police officers violated her First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. (Am. Compl. at ¶ 2.) Glinsey's Amended Complaint names as defendants the City of Memphis (the "City"); Officer Lowell Duke ("Duke"); and Officer Anthony Morris ("Morris") (collectively the "Defendants"). Glinsey seeks actual, compensatory and punitive damages as well as reasonable attorney's fees and costs. (Am. Compl. at ¶ 17.)

Glinsey filed her Complaint in the Court of General Sessions of Shelby County, Tennessee, on February 25, 2005. The Defendants removed Glinsey's case to this court on March 18, 2005. The City of Memphis Police Department, which was not named as a defendant in

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _9-7-05_

the Complaint, filed a motion to dismiss on March 24, 2005. On May 18, 2005, the parties filed a "stipulation" allowing Glinsey to amend her Complaint, and Glinsey filed an Amended Complaint on June 16, 2005.[1] The City of Memphis Police Department is not a defendant and its motion to dismiss is DENIED as moot.

On July 1, 2005, the City filed a motion to dismiss the Amended Complaint. Glinsey filed a response on July 25, 2005. For the following reasons, the City's motion to dismiss is GRANTED in part and DENIED in part.

## I.   Background

The following relevant facts are taken from Glinsey's Amended Complaint. Glinsey is an African-American resident of Shelby County, Tennessee. (Am. Compl. at ¶ 1.) Officers Duke and Morris are employed by the Memphis Police Department. (Id.)

On March 16, 2004, Officer James Peacock, an officer employed by the Memphis Police Department, asked Vernon Jones to assist him with a police investigation. (Id. at ¶ 4.) Officer Peacock wanted Jones to go to 799 Mississippi Boulevard to locate a witness and ask the witness to go "down-town" for an interview with Officer Peacock. (Id.) Jones, who did not have a vehicle available, asked Glinsey to drive him to 799 Mississippi Boulevard. (Id.)

When they arrived at 799 Mississippi Boulevard, Glinsey and Jordan encountered Officer Morris, who screamed at Glinsey, "get

---

[1] The Amended Complaint also does not name the City of Memphis Police Department as a defendant.

the fuck [away] from my crime scene." (Id. at ¶ 5.) Glinsey and Jones then located the witness sought by Officer Peacock. (Id.) After speaking with the witness, Glinsey and Jones began to leave the property. (Id.) They were again approached by Officer Morris, who screamed "get your ass off the property now." (Id.) Officer Morris pushed Glinsey toward her vehicle, grabbed one of her arms, twisted it behind her back, and stated "bitch, this is not the ride you're leaving in. You are going to ride in that ride." (Id.) Officer Morris then pointed at a Memphis Police Department squad car. (Id.)

Officer Duke asked Officer Morris "Do you need help putting the handcuffs on this bitch?"[2] (Id.) Glinsey asked for Officer Morris' name, and he replied "ask Willie Herenton and get it off the arrest ticket and [you can] call the Commercial Appeal and the news media to get it." (Id.) Glinsey was placed in Officer Duke's car while Officer Duke stated "You black ass nigger, another nigger just handed you over to me. This is how you niggers came from Africa. Y'all caught each other and gave each other to us. ... Nigga, nigga, nigga, and [I don't] give a damn about Willie Herenton. He's a lame duck on his way out and fuck A.C. Wharton." (Id.) Glinsey asked Duke what Willie Herenton and A.C. Wharton had to do with her and he replied "[you are] all black ass niggers from Africa and need[] to go back. [A]ll nigger bitches [are] going to

---

[2] It is not clear from the Amended Complaint whether Officer Duke was present when the incident began.

3

be arrested, since that daughter-in-law bitch of Herenton's escaped murder." (Id. at ¶ 6.)

Both officers participated in placing handcuffs on Glinsey, using such force that Glinsey suffered nerve damage requiring medical care.[3] (Id. at ¶ 7.) Officer Duke transferred Glinsey to jail and filed a charge against her for "disorderly conduct." (Id. at ¶ 9.) The charge was dismissed the following day. (Id.)

The Amended Complaint alleges that on March 18, 2004, Duke and Morris entered Glinsey's residence and stole several pieces of jewelry. (Id. at ¶ 10.) When Glinsey filed a report with the Memphis Police Department, she was told that the police would check local pawn shops for her jewelry. (Id.) The police did not attempt to investigate Officers Morris or Duke for the theft. (Id.)

According to the Amended Complaint, Officer Duke has a history of official misconduct. (Id. at ¶ 15.) These acts resulted in his termination from the Memphis Police Department. (Id.) He was rehired before the incident involving Glinsey occurred. (Id.)

## II. Jurisdiction

The court has jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331.

---

[3] The Complaint appears to allege that handcuffs were placed on Glinsey after she had been placed in Officer Duke's squad car.

Case 2:05-cv-02214-SHM-dkv   Document 15   Filed 09/01/05   Page 5 of 20   PageID 24

## III. Standard for Dismissal Under Rule 12(b)(6)

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." <u>Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis</u>, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiff. <u>Memphis, Tenn. Area Local, Am. Postal Workers' Union</u>, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. <u>Scheid</u>, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." <u>Wittstock v. Mark a Van Sile, Inc.</u>, 330 F.3d 889, 902 (6th Cir. 2003).

## IV. Analysis

The City asks the court to dismiss all claims Glinsey has asserted against the City under §§ 1981, 1983, 1985 and 1988 as well as her claim for punitive damages.

## A. Glinsey's §§ 1981, 1985, 1988 and Punitive Damages Claims

### 1. Section 1981

Glinsey's Amended Complaint states "the individual Defendants in this action are guilty of violations of Section 1981 of the Civil Rights Acts...." (Am. Compl. at ¶ 11.) The Amended Complaint does not state claims against the City under § 1981. Therefore, the court need not consider the City's arguments in favor of dismissing Glinsey's § 1981 claims.

### 2. Section 1985

Glinsey, in her response to the City's motion, states that "[t]he City is not charged with a conspiracy." (Pl.'s Resp. at 1.) Therefore, the court need not consider the City's arguments in favor of dismissing Glinsey's § 1985 claims.

### 3. Section 1988

"Section 1988 does not enjoy the independent stature of an 'Act of Congress providing for the protection of civil rights,' 28 U.S.C. § 1343(4). Rather, as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil

rights." <u>Moor v. Alameda County</u>, 411 U.S. 693, 702 (1973). Because claims cannot be brought under § 1988, the court need not consider the City's arguments in favor of dismissing Glinsey's § 1988 claims.[4]

### 4. Punitive Damages

Glinsey, in her response to the City's motion, states that "[p]unitive damages are not sought against the City of Memphis, only the individual Defendants." (Pl.'s Resp. at 1.) Therefore, the court need not consider the City's arguments in favor of dismissing Glinsey's claim for punitive damages.

### B. Section 1983 Claims

Glinsey alleges that the City is liable under 42 U.S.C. § 1983 for violating her rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. To set forth a § 1983 claim against a municipality, "a plaintiff must allege that (1) agents of the municipality, while acting under color of state law, (2) violated the plaintiff's constitutional rights, and (3) that a municipal policy or policy of inaction was the moving force behind the violation." <u>Memphis, Tenn. Area Local, Am. Postal Workers' Union</u>, 361 F.3d at 902.

### 1. First Amendment

Glinsey argues that her first amendment rights of "association, movement, and conduct" were violated when she was

---

[4]The City essentially argues that claims cannot be brought under § 1988.

wrongly charged with "disorderly conduct." (Pl.'s Mem. in Supp. at 1-2.) Glinsey states that, at the time of her arrest, she was pursuing a "civic effort" to aid Vernon Jones in finding a witness for Officer Peacock's investigation. (Id.) According to Glinsey, this "civic effort" is protected by the First Amendment, and the arrest interfered with her ability to perform this protected activity. (Id.)

Assuming arguendo that Glinsey's "civic effort" to help Vernon Jones find a witness for Officer Peacock's investigation is an activity that is protected by the First Amendment, the City cannot be held liable for violating that right. Officers Morris and Duke did not interfere with that activity. According to the Amended Complaint, Glinsey and Jones located and spoke with the witness they were trying to find. Glinsey was apprehended by Officers Duke and Morris only as she was leaving the building, after she and Jones had finished their business with the witness. Because the Amended Complaint clearly states that the City of Memphis police officers did not interfere with the allegedly protected activity of seeking a witness for a criminal investigation, Glinsey has not stated a claim for a violation of her First Amendment rights. The court grants the City's motion to dismiss Glinsey's 42 U.S.C. § 1983 claim for a violation of her First Amendment rights.

## 2. Fourth Amendment

The Fourth Amendment to the Constitution guarantees that "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated ...." Glinsey's Complaint alleges three Fourth Amendment violations: 1) excessive force used by Officer Duke during her arrest; 2) false arrest; and 3) unreasonable search of her home and seizure of her property. The first inquiry is whether Glinsey's Amended Complaint properly alleges that each of these rights was violated. The second is whether Glinsey has properly alleged that the city is liable for any of the alleged violations.

EXCESSIVE FORCE: The touchstone of an excessive force claim "is the reasonableness of the arresting officers' actions." St. John v. Hickey, 411 F.3d 762, 771-72 (6th Cir. 2005). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). "[T]he 'proper application' of the reasonableness inquiry 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade

arrest by flight. ... [T]he ultimate question is 'whether the totality of the circumstances justifies a particular sort of seizure.'" St. John, 411 F.3d at 771-72 (quoting Graham, 490 U.S. at 396.).

Glinsey alleges that Officers Duke and Morris handcuffed her using such force that she suffered nerve damage. The Amended Complaint does not state that Glinsey was resisting arrest, armed, or posed a threat to the Officers. There are no facts stated in the Amended Complaint that suggest any force was required to handcuff Glinsey. Therefore, Glinsey's allegations, if true, constitute excessive force in violation of her Fourth Amendment right to be free from unreasonable searches and seizures under color of law.

FALSE ARREST: The touchstone of a false arrest claim is whether the arresting officer had probable cause to arrest the individual. See Williams ex rel. Allen v. Cambridge Bd. of Educ., 370 F.3d 630, 636-37 (6th Cir. 2004); Beck v. Ohio, 379 U.S. 89, 91 (1964). "Probable cause means the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Williams ex rel. Allen, 370 F.3d at 636-37 (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). Glinsey alleges that she was not violating the Tennessee law prohibiting disorderly conduct and was falsely charged with

this crime. (Am. Compl. at ¶ 9.) If Glinsey's allegation is believed, her arrest was without probable cause and in violation of the Fourth Amendment.

UNREASONABLE SEARCH AND SEIZURE OF PROPERTY: The Fourth Amendment's protections against unreasonable searches and seizures of property only come into play when an unreasonable search and seizure is related to a criminal investigation. See Gerstein v. Pugh, 420 U.S. 103, 125 n. 27 (1975). Glinsey alleges that Officers Morris and Duke broke into her home and stole her jewelry. Glinsey has not alleged that this was done in relation to a criminal investigation.[5] Consequently, Glinsey has not stated a claim for an unreasonable search and seizure of her property in violation of the Fourth Amendment.

THE CITY'S LIABILITY: Before a local governmental unit can be held liable for injuries under § 1983, "a plaintiff must show that his injuries were the result of some 'policy or custom' attributable to the governmental entity." Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690 (1978)). Governmental entities are liable under § 1983 if a plaintiff can "demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular

---

[5] According to the Amended Complaint, the disorderly conduct charge was dropped March 17, 2005, the day before Glinsey alleges Officers Duke and Morris broke into her home.

constitutional or statutory right will follow the decision." <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 411 (1997). The decision to employ a law enforcement officer is "deliberately indifferent" to the risk of a constitutional violation when knowledge of the officer's background "would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right...." <u>Id.</u>; <u>see also</u> <u>Brandon v. Holt</u>, 469 U.S. 464, 466-67 (1985); <u>Williams v. City of Chicago</u>, 658 F.Supp. 147, 154 (N.D. Ill. 1987).

Glinsey alleges that Officer Duke had been fired from the Memphis Police Department. Glinsey does not state the precise nature of Duke's past misconduct, but for purposes of the City's motion to dismiss, it is enough that she has alleged that the City knew him to be an employee who had engaged in misconduct. If Glinsey's allegation is true, by rehiring Duke the City was deliberately indifferent to the risk that Duke would misbehave, and possibly violate the constitutional rights of Memphis citizens. Glinsey claims that Duke was responsible for using excessive force and for falsely arresting her. Consequently, the Amended Complaint states claims against the City under § 1983 for violation of Glinsey's Fourth Amendment rights to be free from the use of excessive force and false arrest.

The court denies the City's motion to dismiss Glinsey's 42

U.S.C. § 1983 claims for use of excessive force and false arrest in violation of the Fourth Amendment. The Court grants the City's motion to dismiss Glinsey's § 1983 claim for unreasonable search and seizure of her property in violation of the Fourth Amendment.

### 3. Fifth Amendment

The Fifth Amendment, in relevant part, provides "[n]o person shall ... be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." Glinsey contends that her Fifth Amendment rights were violated when Morris and Duke allegedly broke into her home and stole her jewelry. According to Glinsey, this burglary was a violation of the Fifth Amendment because it was a taking without due process and because she did not receive just compensation for what was taken.

Glinsey's claim against the City for a taking of her property without due process in violation of the Fifth Amendment fails "because the Fifth Amendment [due process clause] applies to the federal government, not state or local governments...." Myers v. Village of Alger, Ohio, 102 Fed. Appx. 931, 933 (6th Cir. 2004); see also Scott v. Clay County, Tenn., 205 F.3d 867, 873 n. 8 (6th Cir. 2000). Glinsey's claim against the City for a taking of her property without just compensation in violation of the Fifth Amendment fails because she has not alleged that Officers Morris and Duke broke into her home to take her property for a public use.

13

The court grants the City's motion to dismiss Glinsey's 42 U.S.C. § 1983 claim for a violation of her Fifth Amendment rights.

### 4. Eighth Amendment

Glinsey claims that her Eighth Amendment rights were violated because she was subjected to cruel and unusual punishment. "The language of the Eighth Amendment, '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted,' manifests 'an intention to limit the power of those entrusted with the criminal-law function of government.'" Whitley v. Albers, 475 U.S. 312, 318-19 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 664 (1977)). "The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes [] and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Id., 475 U.S. 312, 318-19 (1986) (internal quotes and citations omitted). Because Glinsey was never convicted of a crime, her Eighth Amendment rights cannot have been violated. The court grants the City's motion to dismiss Glinsey's 42 U.S.C. § 1983 claim for a violation of her Eighth Amendment Rights.

### 5. Fourteenth Amendment

The Fourteenth Amendment states, in relevant part, that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws." Glinsey alleges three violations of the Fourteenth Amendment: 1) that property from her home was taken in violation of her procedural due process rights; 2) that the language used by Duke during her arrest violated her right to equal protection; and 3) that her substantive due process rights were violated. The first inquiry is whether Glinsey's Amended Complaint properly alleges that each of these rights was violated. The second is whether Glinsey has properly alleged that the city is liable for any of the alleged violations.

PROCEDURAL DUE PROCESS: "For a procedural due process claim, a plaintiff must establish a constitutionally protected liberty or property interest and show that such an interest was deprived without appropriate process." Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972); LRL Props. v. Portage Metro Hous. Auth., 55 F.3d 1097, 1108 (6th Cir. 1995). The Sixth Circuit "applies a two-part analysis to procedural due process claims. 'First, the court must determine whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment. Only after identifying such a right [does the court] continue to consider whether the deprivation of that interest contravened notions of due process.'" Midkiff v. Adams County Regional Water District, 409 F.3d 758, 762-63 (6th Cir. 2005) (quoting Thomas v. Cohen, 304 F.3d 563, 576 (6th Cir. 2002)).

Glinsey alleges that her personal property was stolen by

agents of the state. An individual has a constitutional right to her property, and, when property is stolen, by definition due process is not satisfied. Therefore, the alleged theft violated Glinsey's Fourteenth Amendment procedural due process rights. The Amended Complaint is unclear about whether Duke and Morris were acting under color of state law when they stole Glinsey's jewelry. Although unclear, if the Amended Complaint is read liberally, Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902, it is sufficient to put the City on notice that Glinsey is alleging that Duke and Morris were acting under color of state law when they stole her jewelry.

EQUAL PROTECTION: "[R]acial slurs, standing alone, state an equal protection claim based on racially motivated verbal abuse and harassment." Smith v. Thornburg, 136 F.3d 1070, 1089-90 (6th Cir. 1998) (dissent); see also Johnson v. Morel, 876 F.2d 477, 479, 482-84 (5th Cir. 1989) ("To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class. Johnson's claim appears to do so. He alleges that [Officer] Morel humiliated and harassed him, and that the insults and harassment were explicitly racist."), overruled on other grounds, Harper v. Harris County, Tex., 21 F.3d 597 (5th Cir. 1994). Glinsey alleges that Duke yelled a series of offensive, harassing, and humiliating racial slurs at her. This

16

constitutes a violation of the equal protection clause of the Fourteenth Amendment.

SUBSTANTIVE DUE PROCESS: "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 273 (1994) (citing Graham v. Connor, 490 U.S. at 395). Glinsey generally alleges that the substantive due process clause of the Fourteenth Amendment has been violated, but she has not objected to "particular government behavior" that is not prohibited by some other constitutional provision. Therefore, the court grants the City's motion to dismiss Glinsey's § 1983 claim for violation of her Fourteenth Amendment substantive due process rights.

THE CITY'S LIABILITY: Glinsey alleges that the City was aware of Officer Duke's propensity for engaging in misconduct because he had previously been fired for misconduct. If Glinsey's allegation is true, by rehiring Duke, the City was deliberately indifferent to the risk that Duke would misbehave and possibly violate the constitutional rights of Memphis citizens. Glinsey has stated claims against Duke for violating her Fourteenth Amendment procedural due process and equal protection rights. Consequently, the Amended Complaint states claims against the City under § 1983 for violation of Glinsey's Fourteenth Amendment rights.

17

The court denies the City's motion to dismiss Glinsey's 42 U.S.C. § 1983 claims for violation of her Fourteenth Amendment procedural due process and equal protection rights. The court grants the City's motion to dismiss Glinsey's § 1983 claim for violation of her Fourteenth Amendment substantive due process rights.

**V. Conclusion**

For the foregoing reasons, the court GRANTS defendant City of Memphis' motion to dismiss Plaintiff's 42 U.S.C. § 1983 claims for violation of her First Amendment rights, Fourth Amendment right to be free from unreasonable searches and seizures of property, Fifth Amendment rights, Eighth Amendment rights, and Fourteenth Amendment substantive due process rights.

The court GRANTS defendant City of Memphis' motion to dismiss Plaintiff's punitive damages claim and 42 U.S.C. §§ 1981, 1985 and 1988 claims.

The court DENIES defendant City of Memphis' motion to dismiss Plaintiff's 42 U.S.C. § 1983 claims for violation of her Fourth Amendment rights to be free from the use of excessive force and false arrest, and for violation of her Fourteenth Amendment procedural due process and equal protection rights.

The court DENIES as moot City of Memphis Police Department's motion to dismiss.


So ordered this $\underline{1st}$ day of September 2005.

_____

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

19

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:05-CV-02214 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Sam F. Cole
COLE LAW OFFICE
100 N. Main Building
Ste. 2519
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Heather Anne Kirksey
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT