IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC 13 PM 5: 06

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| GLENDA GLINSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 05-2214 Ma/V |
| LOWELL DUKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER CLARIFYING SEPTEMBER 1, 2005, ORDER AND DISMISSING DEFENDANTS DUKE AND MORRIS IN THEIR OFFICIAL CAPACITIES**

Before the court is Defendant City of Memphis' ("the City") Motion for Clarification filed on September 29, 2005. In its motion, the City asks the court to clarify its September 1, 2005, Order Granting in Part and Denying in Part Defendant City of Memphis' Motion to Dismiss as to the status of Defendants Lowell Duke ("Duke") and Anthony Morris ("Morris"). Plaintiff Glenda Glinsey ("Glinsey") filed a response on October 5, 2005.

As a preliminary matter, the court dismisses Glinsey's suit against Duke and Morris in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55 (1978). "As long as the government entity receives

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  12-14-05

26

notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). At the time of the events giving rise to this case, Duke and Morris were employed by the City. Because Glinsey's suit names the City as a defendant, naming Duke and Morris as defendants in their official capacity is redundant. Therefore, Glinsey's claims against Duke and Morris in their official capacities are dismissed.

In civil rights cases, plaintiffs are required "to properly allege capacity in their complaint." Wells v. Brown, 891 F.2d 591, 593 (6th Cir. 1989). Generally, if capacity is not affirmatively pled, it is assumed that defendants are being sued only in their official capacities and not as individuals because of the concern that individuals receive proper notice about any personal liability and for jurisdiction reasons. Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001). In the Sixth Circuit, however, there is no per se rule requiring § 1983 plaintiffs to plead affirmatively that they are suing defendants in their individual capacities. Id. Instead, when there is a failure to plead affirmatively capacity, a "course of proceedings" test is applied to determine whether defendants received sufficient notice that they could be subject to individual liability. Id. at 773.

2

Although neither the initial nor the amended complaint in this case affirmatively pled that Duke and Morris were being sued in their individual capacities, the amended complaint provided sufficient notice to the officers that they faced potential liability as individuals. In Moore, the Sixth Circuit noted that throughout the complaint the defendants were referred to as the "individual defendants." Id. Glinsey's amended complaint similarly refers to Duke and Morris throughout as the "individual Defendants." (Am. Compl. ¶¶ 1, 11, 12.) Furthermore, certain claims in the amended complaint, specifically Glinsey's §§ 1981 and 1985 claims, are brought solely against Duke and Morris. (Id. ¶¶ 11, 12.)

Even if it were not clear from the pleading that Duke and Morris were being sued in their individual capacities, Glinsey's response to the City's Motion to Dismiss sufficiently placed Duke and Morris on notice. "Subsequent filings in a case may rectify deficiencies in the initial pleadings." Moore, 272 F.3d at 774 (citing Abdur-Rahman v. Mich. Dep't of Corr., 65 F.3d 489, 491 (6th Cir. 1995)). In her response to the City's Motion to Dismiss, Glinsey asserted that the City was not charged with a conspiracy under § 1985, indicating that the claim applied only to Duke and Morris individually. (Pl.'s Resp. Mot. Dismiss 1.) She also stated, "Punitive damages are not sought against the City of Memphis, only the individual Defendants." (Id.) Both of

these statements provided notice to Duke and Morris that they faced liability separate from that of the City.

The court finds that Duke and Morris are defendants in their individual capacities, and therefore, although they are DISMISSED as defendants in their official capacities, Duke and Morris remain individual defendants in this action.

So ordered this 12K day of December 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in case 2:05-CV-02214 was distributed by fax, mail, or direct printing on December 14, 2005 to the parties listed.

---

Sam F. Cole
COLE LAW OFFICE
100 N. Main Building
Ste. 2519
Memphis, TN 38103

Heather Anne Kirksey
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Honorable Samuel Mays
US DISTRICT COURT